By the Court, Cowen, J.
The learned judge considered the defendant’s contract of tenancy as an estoppel, although he was an infant. In this' I think he erred. Even in a suit brought on the contract directly against the infant, he might have avoided its effect completely by showing his non-age. I think he may do the same, a fortiori, where his contract is set up as an estoppel to conclude him in an action of ejectment.
It was said in argument that an infant is liable in ejectment, on the ground of a wrongful possession, and his power to confess is commensurate with his power to do any thing for which he would be liable to an action. I have no doubt the rule is so; and it would have let in an admission of the defendant that he entered on the land, upon the plaintiffs’ showing title in themselves, (a) But here the title to the land was confessedly in the infant; and a constructive confession by contract amounting to an estoppel is sought to be raised against his assertion of that title. In other words, a confession by contract is alleged against him, by which the effect of his title and right of possession is to be overcome. This is certainly no more than the confession that a contract was- made which he had no right to make; and does not come within the rule.
New trial granted. -

 As to the admissibility and effect of confessions by an infant, as evidence against him in civil and criminal proceedings, see Comen & Hill’s Notes to Phil. Ev. 162, 232, 3 ; and Haile v. Lillie, (post, p. 149.)